FITZPATRICK, Appellant, vs. YACHE and wife, Respondents.

*March 23—April 13, 1915.*

*Vendor and purchaser of land: Purchase-money lien: Evidence: Burden of proof.*

1. In an action to establish and foreclose a purchase-money lien on land held by defendant under an apparently clear title, the burden is upon the plaintiff to show that the land is subject to such lien.
2. Findings of fact in such a case in favor of the defendant are *held* to be supported by the evidence.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action to establish and foreclose a purchase-money lien on a farm of fifty-three acres. The plaintiff, a widower eighty-one years of age, deeded the farm (his homestead) to the defendant *Louis* (his son-in-law) July 5, 1913, by warranty deed which expressed a consideration of $4,300, and by the terms of which a life estate was reserved to the plaintiff. No money was in fact paid nor was any note or mortgage given. The plaintiff claims that the arrangement was that *Louis* should pay $500 on the purchase price in the fall and then that a mortgage should be given for the balance. The defendants claim that it was a gift. The action was tried by the court and findings made to the effect that the only consideration for the deed was love and affection and the agreement that the defendant *Louis* would rent the premises of the plaintiff and that the plaintiff should live and have a home with the defendants; that the value of the farm at the time did not exceed $70 an acre or $3,710 in the aggregate; that the defendants moved on to the farm in 1913 as tenants of the plaintiff and plaintiff lived with them until the commencement of this action; that the defendants have in all things fully carried out their agreement with the plaintiff and have paid the taxes and insurance on the buildings since the conveyance; that in February or March, 1914, trouble arose

between the parties as to the amount of rent defendants were to pay, and thereafter this action was begun. In a written opinion the trial judge, after reviewing at length the testimony, concludes, in view of the fact that the burden of proof was on the plaintiff to prove that there was an oral agreement to pay in the future the sum named as the consideration in the deed, that the plaintiff had failed to discharge that burden and in fact that the circumstances favored the defendants' version. From judgment dismissing the complaint the plaintiff appeals.

For the appellant there was a brief by *Thompson, Thompson & Jackson,* and oral argument by *J. C. Thompson.*

For the respondents there was a brief by *Frank B. Keefe,* attorney, and *Charles* and *Henry Barber,* of counsel, and oral argument by *Mr. Keefe.*

WINSLOW, C. J.   In this case it is held:

1. The burden is upon the plaintiff to show that land held by defendant under an apparently clear title is subject to a purchase-money lien in plaintiff's favor.

2. The findings of fact of the trial court in this case are well supported by the evidence.

There are no other substantial questions in the case.

*By the Court.*—Judgment affirmed.